# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                      **Case No. 14-CR-86**

**KRISTI MESICK**
    **Defendant.**

## ORDER

On February 4, 2014, the government charged Eugene Sweeney with the December 23, 2013 robbery of a tavern. Sweeney's case was assigned to me. On April 8, 2014, the government charged defendant Kristi Mesick with two counts of perjury based on her allegedly false testimony before a grand jury investigating the December 23, 2013, robbery. That case was assigned to Judge Stadtmueller. Defendant now moves for re-assignment of her case to me. The government leaves the matter to the court's discretion.

Criminal Local Rule 13 permits the reassignment of a criminal case to another judge if it is found to be related to a lower numbered criminal case assigned to that judge and each of the following criteria is met:

>    (1) all defendants in each of the cases are the same, or, if the defendants are not all the same, the cases are based upon the same set of facts, events or offenses;
>
>    (2) both cases are pending in this District;
>
>    (3) the handling of both cases by the same judge is likely to result in the overall saving of judicial resources; and
>
>    (4) neither case has progressed to the point where reassigning a case would likely delay substantially the proceedings in either case, or the Court finds that

the assignment of the cases to the same judge would promote consistency in resolution of the cases or otherwise be in the interest of justice.

Crim. L.R. 13(a) (E.D. Wis.). The motion must be filed with, and will be decided by, the judge to whom the lowest numbered case of the claimed related set is assigned for trial or other final disposition. Crim. L.R. 13(b).

The criteria for reassignment are met. First, the cases arise out of the same set of events, as defendant is alleged to have provided false testimony regarding the robbery allegedly committed by Sweeney; pending in both cases is a motion to suppress a firearm found in a search of the basement of the apartment building in which Sweeney and defendant lived; and, if convicted, defendant's guideline range could be based on a cross-reference to the criminal offense in Sweeney's case. See U.S.S.G. § 2J1.3(c)(1). Second, the cases are both pending in this district. Third, having the same judge preside over both cases would conserve judicial resources, allowing one judge to decide the parallel motions to suppress and resolve any issues at sentencing. Fourth, neither case has progressed to the point where reassignment would cause delay, as Judge Stadtmueller has stayed proceedings in defendant's case pending my decision on the motion to suppress in Sweeney's case.

**THEREFORE, IT IS ORDERED** that the defendant's motion to reassign (R. 22) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 1st day of July, 2014.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge